PER CURIAM.
This protracted litigation, involving alleged interference with a one-square-acre, century-old family cemetery plot, commenced in 1978; and it is now before this Court for a second time. In the first appeal, reported at 414 So.2d 931 (Ala.1982), the trial court’s summary judgment in favor of the Plaintiffs was affirmed as to the asserted defenses of breach of warranty and adverse possession; but the judgment was reversed and the cause remanded for trial on the sole factual issue of abandonment.
On the date of trial, upon remand, the respective parties made known to the court their agreement to settle the remaining issue; this was to be done, as reflected by the trial court’s bench notes, “by reinstating cemetery by having [certain of the parties, along with their respective counsel and the trial judge] go on premises and mark off 1 square acre around graves.” The judge added, “If the parties can’t agree on location of boundaries, I will do so and have marked with suitable Corner markers.”
Subsequently, the trial court entered the following “Final Order.”
“This action having previously come before the Court on Motion For Summary Judgment and the Court having entered a Summary Judgment on the 11th day of August, 1980, which said decree was subsequently appealed to the Alabama Supreme Court, who rendered a decision on June 15, 1982 affirming all aspects of said Summary Judgment except the question of whether or not an abandonment of the one acre cemetery had occurred, and this case having been remanded to this Court for trial on the sole issue of abandonment, and the Court having duly complied with the mandate of the Supreme Court and having set the case down for a jury trial on the question of abandonment, and all parties and their attorneys having been present in Court at the duly appointed time, a jury having been struck and empaneled, the parties did make known to the Court that they had agreed that the cemetery in question had not been abandoned. The parties further agreed that the Plaintiffs were *88 entitled to the relief prayed for in their complaint to the effect of having the boundaries of the original cemetery established, and the parties having located the gravesite of one of the Fenn family members, and the Court having physically viewed the premises and having determined that one or more of the Defendant’s peanut drying sheds infringes upon said one acre plot, the Court is of the opinion that a surveyor should define by metes and bounds the exact location of said cemetery by using said gravesite as the center point and by running said cemetery parallel with the section lines of the government survey in the immediate area.
“To this effect, Polysurveying, Inc., a registered surveying corporation, is hereby commissioned by the Court to immediately go to the site of the grave plot which is located in an 80 acre plot of land described as the east half of the northeast quarter of section 10, township 10, range 26, Barbour County, Alabama, and to cause said acre of land to be surveyed by metes and bounds and clearly marked by concrete markers. A copy of this survey is to be furnished to the Court and to all parties involved and shall be recorded as a part of this decree. The Plaintiffs and their heirs are further given a permanent right of egress and ingress to said cemetery from Highway 30 across the adjoining land of Defendant which comprises a portion of the same 80 acre tract.
“The Defendants are further permanently enjoined from interfering in the future with existence of said cemetery and from in any way desecrating, bothering, using, and infringing upon said one acre of land. The Defendants are further given 30 days from the date that the required survey is furnished to the Court within which time to remove any and all buildings, obstructions, or other property of Defendants from the boundaries of said cemetery. The Defendants are further ordered to seed said one acre plot in a reasonable manner.
“The Plaintiffs and their heirs are entitled to erect cemetery improvements in the form of coping, headstones, monuments, fences, and other improvements on said plot and to plant shrubs. The Court reaffirms the will of Matthew Fenn to the effect that said one acre family cemetery is to be forever dedicated to the purpose of a Fenn family graveyard with rights of way to and from same.”
At the very outset, we are met with the Appellees’ motion to strike this appeal as frivolous, pursuant to A.R.A.P. 38. The motion to strike, of course, must be tested against the substantive nature of Appellants’ issues presented on appeal. We observe, initially, that each of the “Issues Presented” speaks of alleged variances between the trial court’s bench notes and its “Final Order.” Broadly stated, the basic thrust of these claimed errors lies in the Appellants’ disapproval of the court’s location of the one square acre plot in relationship to several of their peanut drying sheds. In other words, when one of the unmoved graves was located and used to mark the center of the plot (the premise upon which the settlement agreement was made), three of Defendants’ drying sheds were found to be within the established borders of Plaintiffs’ cemetery plot; thus, compliance with the trial court’s order requires that Defendants remove these buildings.
We have carefully reviewed the entire record of these proceedings, along with Appellants’ lengthy and detailed briefs, and we find no merit in the contention that the trial court erred in entering a final judgment at variance with the settlement agreement of the parties. The trial court’s bench notes are not intended as a recital of each of the details which would later be encompassed as necessary recitations of its final order.
We find that the judgment appealed from reflects a lawful exercise of the trial court’s authority to effectuate the settlement agreement of the parties. The fact that the trial judge, who, by agreement of *89 the parties, was vested with final authority to locate the boundaries of the disputed plot, so located the plot as to require removal of three of Defendants’ buildings is no basis for disturbing the trial court’s exercise of that authority, especially since the confusion and uncertainty of the plot’s original location, in large measure, was the result of Defendants’ activities in removing certain of the grave sites and altering the general topography of the original location of the cemetery plot.
We deny Appellees’ motion to dismiss the appeal as frivolous, but in doing so we emphasize that this litigation is to be properly brought to an end. Subject to appropriate sanctions for default, the Defendants are admonished to perform all remaining acts and to conduct themselves in full compliance with the final order of the trial court.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.